J. S64036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LUIS M. VELEZ-DIAZ, | : | |
| | : | |
| Appellant | : | No. 725 MDA 2015 |

Appeal from the Judgment of Sentence March 25, 2015
In the Court of Common Pleas of Lancaster County
Civil Division No(s): 15-0046 (ICC) CI-14-03545 (PFA)

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:              **FILED MARCH 17, 2016**

This case returns to us following our remand for counsel to address the issue of the discretionary aspect of Appellant's sentence either in a supplement to his ***Anders***[1] brief or in an advocate's brief.[2] Appellant, Luis M. Velez-Diaz, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas following his bench conviction of

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[2] In the ***Anders*** petition for leave to withdraw, counsel averred that Appellant had waived the discretionary aspect of sentencing issue because no post-sentence motion was filed with the trial court. However, the trial court failed to advise Appellant of the right to file post-sentence motions. Therefore, we found the issue was not waived. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1251-52 (Pa. Super. 2006).

indirect criminal contempt[3] ("ICC") of a Protection from Abuse ("PFA") order filed on May 28, 2014. Appellant filed an advocate's brief challenging the discretionary aspects of his sentence.[4] He avers the sentence is manifestly excessive and therefore it should be vacated and the case remanded for resentencing. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On April 24, 2014, Jhira Montalvo ("[V]ictim") filed a petition to obtain a [t]emporary PFA Order against [Appellant]. A final PFA Order was entered on May 28, 2014. In addition to other prohibitions, Paragraph #3 of the final PFA Order prohibited [Appellant] from having any contact with [V]ictim and ordered [Appellant] to stay away from [V]ictim's home for the duration of the order, and Paragraph #4 of the Final PFA Order prohibited [Appellant] from contacting [V]ictim by telephone or by any other means, including through third persons.
>
> On December 29, 2014, [V]ictim reported a PFA violation to the Lancaster City Police Bureau after receiving written communication from [Appellant]. At the time of the alleged violation, [Appellant] was . . . in the Lancaster County Prison on a charge of criminal trespass involving [V]ictim, in violation of the PFA order.[5] On March 13,

---

[3] 23 Pa.C.S. § 6114(a).

[4] We note that the Commonwealth did not file a responsive brief.

[5] The trial court states that "[a]t the time of the alleged violation, [Appellant] was serving a ten month term in the Lancaster County Prison on a charge of criminal trespass involving [V]ictim . . . ." Trial Ct. Op., 6/23/15, at 2. Our review of the record, however, reveals that the trial on the charges of criminal contempt of the PFA had not taken place as of the date of the preliminary arraignment or the ICC hearing. In the preliminary arraignment, the magisterial district judge indicated that Appellant was in

- 2 -

2015, the Commonwealth filed an Indirect Criminal Complaint ["ICC"] for violation of a PFA Order against [Appellant]. On March 17, 2015, [Appellant] appeared

---

prison for ten months because the hearing was continued. *See* Crim. Compl., 3/17/15, at 6 (unpaginated). At the ICC hearing, Appellant testified, *inter alia*, as follows:

[Counsel for Appellant]: Now, you would agree with me that sending a letter—you sending a letter to [Victim] would be a violation of the protection from abuse order; correct?

A: That I never send [sic] no letter to her.

Q: That's not my question. My question is, if you did, that would be a violation, wouldn't it?

A: Yes, I understand.

* * *

That's why I'm taking [sic] other case to trial, as well.

* * *

Q: . . . December of 2014, when you were in the Lancaster County Prison, the reason that you were in Lancaster County Prison is because you were accused of criminal trespass; correct?

A: Yes.

Q: And the victim of that offense is [Victim]; correct?

A: My ex-wife, yep.

N.T. ICC Hr'g, 3/25/15, at 15-16. Counsel stated that Appellant "is being held in on his criminal charges, . . . and he has indicated on the record that he intends to take the trial. His trial is scheduled, actually, Your Honor for next month." *Id.* at 19-20. The trial court's categorization of Appellant's confinement at the time of the violation of the PFA does not affect our disposition.

before a magisterial district judge *via* video for a [p]reliminary arraignment, at which point the case was sent to the Lancaster County Court of Common Pleas.

On March 25, 2015, a hearing was held regarding [Appellant's] charged count of ICC. According to [V]ictim, [Appellant] contacted her *via* the United States Postal Service by sending an envelope containing a card and a two-page letter. The final PFA Order entered in May 2014 prohibited [Appellant] from making any contact with [V]ictim.

* * *

The court . . . found [Appellant] guilty . . . of one count of ICC . . . .

* * *

[On March 25, 2015, t]he court imposed a sentence of ninety days incarceration for one count of ICC,[6] followed by [ninety] days of probation.

Trial Ct. Op., 7/23/15, at 2, 4 (citations omitted). This timely appeal followed.

On appeal, Appellant challenges the discretionary aspects of his sentence. Appellant contends the trial court's sentence was manifestly excessive and constituted too severe a punishment. Appellant's Brief at 9. He claims that the sentence was "clearly unreasonable under the circumstances of this case, as it was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of" Appellant. *Id.* Appellant argues that the court abused its discretion in sentencing

---

[6] Indirect criminal contempt is punishable by imprisonment of up to six months. *See* 23 Pa.C.S. § 6114(b).

- 4 -

Appellant to total confinement "for minimal, nonthreatening contact" with Victim. *Id.* at 12. He avers the court sentenced Appellant "solely upon the notion that Appellant should be 'very clear on what the requirements are for abiding by a PFA.'"[7] *Id.*

An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted). "Our inquiry must focus upon the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Raven*, 97 A.3d 1244, 1252-53 (Pa. Super.) (citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

Instantly, Appellant timely appealed and did not waive the issue of the discretionary aspect of his sentence for failure to preserve it. *See* note 2

---

[7] We note that Appellant avers "[t]he [c]ourt indicated when formulating the sentence, it considered the nature and circumstances of the underlying offense . . . ." *Id.* at 12.

*supra*.  Appellant has included a Pa.R.A.P. 2119(f) statement in his brief.[8]

**See** Appellant's Brief at 7-8.  Accordingly, we ascertain whether Appellant

has presented a substantial question.

"A claim that a sentence is manifestly excessive such that it

constitutes too severe a punishment raises a substantial question."

**Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011) (citing

**Commonwealth v. Mouzon**, 812 A.2d 617, 624 (Pa. 2002)).  A claim that

a sentencing court failed to consider the rehabilitative needs of the

defendant likewise presents a substantial question.  **See Commonwealth v.**

**Downing**, 990 A.2d 788, 793 (Pa. Super. 2010).  We find Appellant has

raised a substantial question.

Our review is governed by the following principles:

> [s]entencing is a matter vested in the sound discretion of
> the sentencing judge, and a sentence will not be disturbed
> on appeal absent a manifest abuse of discretion.  An abuse
> of discretion is more than just an error in judgment and,
> on appeal, the trial court will not be found to have abused
> its discretion unless the record discloses that the judgment
> exercised was manifestly unreasonable, or the result of
> partiality, prejudice, bias, or ill-will.  More specifically, 42
> Pa.C.S.A. § 9721(b) offers the following guidance to the
> trial court's sentencing determination:
>
>> [T]he sentence imposed should call for confinement that
>> is consistent with the protection of the public, the

---

[8] Appellant failed to indicate where his sentence fell in the sentencing guidelines.  **See Commonwealth v. Dodge**, 77 A.3d 1263, 1269 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).  However, because the Commonwealth has not objected to the adequacy of Appellant's argument, we decline to find waiver.  **See id.** at 1271.

gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

[s]ection 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S. § 9721(b) is exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-76 (Pa. Super. 2012)

(alterations and some citations omitted).

A charge of indirect criminal contempt consists of a claim that a violation of an Order or Decree of court occurred outside the presence of the court. ***Commonwealth v. Padilla***, 885 A.2d 994 (Pa. Super. 2005). "Where a PFA order is involved, **an indirect criminal contempt charge is designed to seek punishment** for violation of the protective order." ***Id.*** at 996.

***Commonwealth v. Brumbaugh***, 932 A.2d 108, 110 (Pa. Super. 2007) (emphasis added).

At the hearing, Victim testified that she was in a relationship with Appellant for approximately three years. N.T., 3/25/15, at 5. She testified she "used to be married" to Appellant. ***Id.*** Appellant testified that in December of 2014, he was incarcerated in Lancaster County Prison because he was accused of criminal trespass. ***Id.*** at 16. The victim of that offense was Victim in the case *sub judice*. ***Id.*** The Commonwealth indicated to the court that Appellant was "also being held on a parole violation." ***Id.*** at 20.

The Commonwealth informed the court of Appellant's criminal history, including, but not limited to, receiving stolen property, a possessory drug offense, fleeing and attempting to elude police, accidents involving damage to attended vehicles, recklessly endangering another person, and driving under the influence. ***Id.*** at 20-21. The Commonwealth stated:

> [Appellant] was convicted of Felony 2 criminal trespass and simple assault in 2011. That was a domestic violence offense involving a different girlfriend wherein he broke into her house, and then when he was inside the house, it was a fairly significant beating. . . .
>
> [Appellant] was incarcerated on a [parole violation] for those offenses as [sic] part of the time that he was in Lancaster County Prison. I would also tell the [c]ourt that the prior victim had filed three separate protection from abuse actions against [Appellant.]

***Id.*** at 21.

The sentencing court opined:

> The letters themselves do not contain any threats or harassing statements; however, . . . not only am I very clear when a PFA is entered as to what the requirements are, I believe **based upon the history that you have**, that you're very clear on what the requirements are for abiding by a PFA.
>
> I'm going to sentence you to a period of 90 days incarceration, followed by a period of 90 days probation . . . .
>
> That will not be enough time to complete the domestic violence intervention group, but I do want you to—you will be subject to the special conditions of having no contact with [Victim], not being in the vicinity of her place of employment, her residence. You'll need to stay 100 yards away from her. If you are out of prison after my sentence has run, I am going to direct that you have a psychological evaluation and follow up with any treatment that may be ordered. You'll need to maintain full-time employment unless you're excused by your probation officer.

*Id.* at 22-23 (emphasis added).

Appellant violated the PFA order by contacting Victim. ***See Brumbaugh***, 932 A.2d at 110. The court considered the facts of the case and imposed an individualized sentence that was not unreasonable. ***See Bricker***, 41 A.3d at 875-76. We discern no abuse of discretion. ***See id.*** at 875.

Judgment of sentence affirmed.

Wecht, J. did not participate in the consideration or decision of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2016